IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE N.E.C.A.-IBEW, )
etc., )
 )
 Plaintiffs, )
 )
 v. ) No. 05 C 6188
 )
L&S ELECTRIC CO., INC., et al., )
 )
 Defendants. )

## MEMORANDUM ORDER

L&S Electric Co., Inc. and Ronald Lubas have filed their Answer and Affirmative Defenses ("ADs") in this ERISA action. This sua sponte memorandum order is triggered by the problematic nature of each of the ADs.

Before that subject is addressed, however, mention should be made of one aspect of the Answer itself that would not otherwise justify a separate order. In each of Answer ¶¶2(b), 5, 6 and 7 defense counsel have adhered faithfully (as some lawyers regrettably do not) to the formulation set out in the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the required disclaimer to get the benefit of a deemed denial of a complaint's allegations. But having done so, defense counsel then go on to add "and therefore deny the same"--an oxymoron when such denial is coupled with a statement as to the absence of enough information even to provide a belief as to whether the allegations at issue are true. Accordingly the quoted language is stricken from each of the paragraphs identified above.

Now on to the ADs.  Here are the problems that they respectively present:

1.  AD 1 is extraordinarily vague.  It refers to "all the terms and conditions contained within" a specified collective bargaining agreement ("CBA") as somehow providing an AD.  There may indeed be some provision or provisions of that CBA that could bar the plaintiff Funds' claims, but it won't do simply to advance a wholly uninformative assertion to that effect.  AD 1 is therefore stricken, but with leave being granted to file an amendment to the Answer on or before June 9, 2006 that reasserts the claimed AD in a manner that provides proper notice to the Funds' counsel and proper information to this Court.

2.  AD 2, which challenges the legal viability of the Complaint, is really the equivalent of a Rule 12(b)(6) motion (indeed, AD 2 acknowledges as much by citing the latter Rule).  But that is wrong both as an inappropriate use of the AD concept (see Rule 8(c) and the caselaw applying it, including this Court's App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)) and because it is substantively incorrect.  Because the Complaint obviously does advance a viable claim, AD 2 is stricken.

3.  AD 3 simply "reserve[s] the right to allege

additional affirmative defenses." That of course is not itself an AD, and it plays no part in federal pleading. If in the later course of the litigation defendants do come to believe that some other AD is appropriate, it will have to be tendered at that time and judged by the appropriate standards. Hence AD 3 is also stricken.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date: May 26, 2006